**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BENJAMIN ARZOLA, | : | |
| | : | Civil Action No. 13-7082 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN J. HOLLINGSWORTH, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge

## I. INTRODUCTION

Petitioner, Benjamin Arzola (hereinafter "Petitioner" or "Arzola") is a federal prisoner incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  Arzola is proceeding with this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the sentence

---

[1] Section 2241 states in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions ...
(c) The writ of habeas corpus shall not extend to a prisoner unless—
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
(4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

imposed by this Court.  For the following reasons, the habeas petition is construed as a motion to vacate, set aside or correct Petitioner's sentence under 28 U.S.C. § 2255, and the motion is dismissed as untimely.

## II. BACKGROUND

Arzola is currently serving a sentence of 324 months imprisonment, with a five-year term of supervised release, as imposed by this Court on July 28, 2008, after Petitioner was found guilty by jury verdict on October 26, 2007, on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A) and 846.  (*See United States v. Benjamin Arzola*, Case No. 2:06-cr-569 (SDW) at ECF No. 152.)

Petitioner filed a timely Notice of Appeal from his sentence before the United States Court of Appeals for the Third Circuit.  (*Id*. at ECF No. 153.)   On January 14, 2010, the Third Circuit affirmed Arzola's sentence.  (*Id*. at ECF No. 188.)   The Supreme Court denied the petition for a writ of certiorari filed by co-defendant Domingo Hernandez on October 4, 2010. *See Hernandez v. United States*, 131 S.Ct. 171 (2010).

Thereafter, on November 21, 2013, this Court received the instant § 2241 habeas petition from Petitioner.  Arzola asserts that his enhanced sentence violated his Sixth Amendment right to trial by jury, as set forth in *Alleyne v. United States*, ---U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), because this Court improperly used facts concerning drug quantities to increase the mandatory minimum sentence, which is an element of the crime that must be submitted to the jury.  It appears that Arzola is proceeding under § 2241 because any challenge to his sentence under 28 U.S.C.  § 2255 would be untimely.

### III. STANDARD FOR SUA SPONTE DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As Arzola is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### IV. DISCUSSION

Petitioner is challenging the enhanced sentence imposed by this Court in this § 2241 federal habeas action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." See 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

3

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of ... § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir.1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil*, is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

4

It would appear that Arzola chose to file this challenge to his enhanced sentence under §
2241 rather than by § 2255 motion because a § 2255 motion would be untimely under 28 U.S.C.
§ 2255(f),[2] which sets forth a one-year period of limitation for § 2255 motions.  Arzola filed this
habeas petition on November 21, 2013, more than one year after his judgment of conviction
became final in October 2010.  *See* 28 U.S.C. § 2255(f)(1).

However, in this case, Arzola does not allege facts which bring him within the *Dorsainvil*
exception to proceed as a § 2241 petition.  Namely, Arzola does not allege that he had no earlier
opportunity to challenge his conviction for a crime that an intervening change in substantive law
may negate.  Accordingly, he has not shown that Section 2255 is inadequate or ineffective to test
the legality of his federal incarceration.  *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d
Cir.2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare

---

[2] Pursuant to § 2255(f), the limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action
> in violation of the Constitution or laws of the United States is removed, if the movant was
> prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if
> the right has been newly recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been
> discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  A federal criminal conviction becomes "final," within the meaning of §
2255(f)(1), when the United States Supreme Court "affirms a conviction on the merits on direct
review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition
expires." *Clay v. U.S.*, 537 U.S. 522, 527 (2003) (citations omitted).  Under Rule 13 of the Rules
of the Supreme Court of the United States, a petition for writ of certiorari must be filed within 90
days after entry of the judgment sought to be reviewed.  This 90–day period is measured from
the date the lower court enters the challenged order or judgment, not from the date the Court of
Appeals issues its mandate.  Sup.Ct. R. 13(3).

circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.").

Rather, Arzola is challenging his sentencing enhancement in light of the recent Supreme Court decision in *Alleyne*.  To the extent the habeas petition includes a claim that petitioner is factually innocent of a sentencing enhancement, however, such a claim does not satisfy the *Dorsainvil* exception.  *See Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13–0101, 2013 WL 141441, at *2 (D.N.J. Jan.11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted-possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12–1545, 2012 WL 5199167, at *5 (D.N.J. Oct.19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Indeed, Arzola's reliance on the Supreme Court's decision in *Alleyne* does not fall within the *Dorsainvil* exception to permit this § 2241 habeas petition to move forward.  As the Third Circuit has recently stated:

> [Petitioner] cannot avail himself of the [*Dorsainvil*] exception in this case.  As noted above, he relies on the Supreme Court's decision in *Alleyne* to support his petition. *Alleyne* is essentially an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): in *Apprendi*, the Court held that under the Fifth and Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," *Apprendi*, 530 U.S. at 490, and in *Alleyne*,

6

> the Court held that the same rule applies also to "facts that increase mandatory minimum sentences," *Alleyne*, 133 S.Ct. at 2163. We have held that, "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his *Apprendi* argument," *Okereke*, 307 F.3d at 121, and there is no basis to treat claims brought under *Alleyne* differently.

*Sacksith v. Warden Canaan USP*, 552 F. App'x 108, 109 (3d Cir. 2014) (per curiam); *see also Oliver–Diaz v. Warden Fort Dix FCI*, --- F. App'x ----, 2014 WL 1364001, at *1 (3d Cir. Apr.8, 2014) (per curiam). Thus, Arzola's reliance on *Alleyene* does not warrant finding that this case falls within the *Dorsainvil* exception to establish jurisdiction under § 2241.

Moreover, to the extent Arzola is relying on *Alleyne* to make his motion timely under 28 U.S.C. § 2255(f)(3), such argument likewise fails. The one-year limitation period may also run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). It would appear that Arzola contends the Supreme Court's decision in *Alleyne*, which was decided on June 17, 2013, created a new rule for the purposes of § 2255(f)(3). Nevertheless, courts consistently have held that, although the Supreme Court did recognize a new rule of constitutional law in *Alleyne*, the Supreme Court did not hold that the new rule was made retroactively applicable to cases on collateral review. *See United States v. Stang*, --- F. App'x ----, 2014 WL 2199371 at *2 (10th Cir. 2014) (citing *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir 2013)); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013) (holding that the Supreme Court resolved *Alleyne* on direct rather than collateral review, and did not declare that its new rule applies retroactively on collateral review); *Love v. United States*, No. 1:14-cv-254, 2014 WL 2112664, *2 (W.D. Mich. May 20, 2014) (holding that because *Alleyne* does not recognize a new right made retroactively applicable to cases on collateral review, petitioner cannot rely on *Alleyne* to render his otherwise untimely motion

timely under § 2255(f)(3)); *Moreno v. United States*, 2014 WL 2038419, *3 (S.D.N.Y. May 15, 2014) (same); *United States v. Cardenas-Borbon*, No. 1:06-cr-0199, 2014 WL 820262, * (M.D. Pa. Mar. 3, 2014) (observing that because the Third Circuit held *Alleyne*'s predecessor *Apprendi v. New Jersey*, 530 U.S. 466 (200) was not retroactively applicable on collateral review in *United States v. Swinton*, 333 F.3d 481 (3d Cir. 2003), *Alleyne* also not retroactively applicable on collateral review); *United States v. Reyes*, No. 11–6234, 2013 WL 4042508 at *19 (E.D.Pa. Aug. 8, 2013) (finding that Alleyne does not apply retroactively on collateral review).

Therefore, this Court finds that because the Supreme Court did not make *Alleyne* retroactively applicable on collateral review, Arzola cannot rely on *Alleyne* to render his untimely § 2255 motion timely under § 2255(f)(3). Arzola's § 2255 motion is dismissed as untimely.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), cited in *U.S. v. Williams*, No. 13–2976, 2013 WL 4615197, *2 (3d Cir. Aug.30, 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at

least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), cited in *Kaplan v. U.S.*, Civil No. 13–2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## VI. CONCLUSION

For the foregoing reasons, the Court construes this § 2241 habeas petition as a motion to vacate, set aside or correct Petitioner's sentence under 28 U.S.C.  § 2255, and the motion is DISMISSED as untimely.  This dismissal is without prejudice to Petitioner seeking leave to re-open his case to show any basis for equitable tolling of the one-year limitations period.  An appropriate order follows.


DATED:      June 10, 2014           *s/ Susan D. Wigenton*
                                    SUSAN D. WIGENTON
                                    United State District Judge